UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENT ALLEN, JR., | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No. 1:22-cv-01348 (UNA) |
| | ) |
| PARAG AGRAWAL *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, Dkt. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), Dkt. 2. The Court will grant the IFP Application and dismiss the case because the Complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff Kent Allen, Jr., a resident of Miami, Florida, Compl. at 1, sues the CEO of Twitter, who is located in San Francisco, California, *see id*. at 2; Notice at 1, Dkt. 5, recording artist, Deja Trimble, who is located in Los Angeles, California, *see* Compl. at 1–2; Not. at 1, and his own father, Kent Allen, Sr., who is located in Milton, Delaware, *see* Compl. at 2–3; Not. at 1. Preliminarily, the Complaint and IFP Application both fail to comply with Federal Rule 10(a) and D.C. Local Rule 5.1(g), because neither are captioned for this Court, or for that matter, any other. *See* Compl. at 1; IFP Application at 1.

*Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355

F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (internal quotation marks omitted).

Plaintiff alleges that some or all of the Defendants caused "corporate harm" to his reputation regarding his "work performance" "by use of public communication mediums" that referenced his "personal lifestyle," "sexual lifestyle," and "living situation."  *See* Compl. at 4.  He also contends that they slandered him and sent him "threaten[ing] images."  *See id*.  Finally, he maintains that Defendants checked his bank accounts and invaded his privacy by finding his "whereabouts by bus."  *See id*.  He demands $125,000.  *Id.* at 7.

Put simply, the Complaint consists of a random collection of statements without clarity or particularity.  Plaintiff provides no factual context or information to connect the three named Defendants or to make out any discernible claim, nor does he establish any basis for subject matter jurisdiction or venue.  An Order consistent with this Memorandum Opinion is issued separately.

June 21, 2022

*Dabney L. Friedrich*

DABNEY L. FRIEDRICH
United States District Judge